880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rufus FLEMING, Jr., Plaintiff-Appellant,
v.
Martin MAKEL, Warden, Dunes Correctional, Defendant-Appellee.
 No. 88-2014.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1989.
 
 1
 Before KENNEDY and KRUPANSKY, Circuit Judges, and WENDELL A. MILES, Senior District Judge.*
 
 ORDER
 
 2
 Rufus Fleming, Jr., a Michigan prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Fleming was convicted by a jury of second degree murder and felony firearm; he was sentenced to life imprisonment on the murder charge, and a mandatory two year sentence was imposed on the firearm charge. His conviction was affirmed by the Michigan Court of Appeals, see People v. Fleming, No. 80957 (Mich.App. July 10, 1985) (per curiam), and the Michigan Supreme Court denied discretionary review. After pursuing state remedies, Fleming filed this petition arguing that he was denied a fair trial because of four instances of prosecutorial misconduct, and that he received ineffective assistance of counsel. The district court dismissed the petition finding that neither claim warranted habeas relief. On appeal, Fleming reasserts his claims and moves the court to grant him oral argument.
 
 
 4
 Upon review, we deny the motion for oral argument, and affirm the district court's judgment as neither of Fleming's claims is of such a constitutional magnitude so as to warrant habeas relief.
 
 
 5
 First, Fleming argued that the following instances of prosecutorial misconduct rendered his trial fundamentally unfair: 1) the prosecutor knowingly placed the decedent's fourteen year old retarded son on the witness stand when she knew the evidence was inadmissible because the witness was incompetent to testify; 2) the prosecutor impermissibly commented on his pre-trial silence; 3) the prosecutor testified and appealed to the jurors' civic duty to convict; and 4) the prosecutor characterized him as a drunken person with no source of income. We conclude that none of the prosecutor's remarks were so egregious as to deny Fleming a fair trial. See Martin v. Foltz, 773 F.2d 711, 716 (6th Cir.1985), cert. denied, 478 U.S. 1021 (1986); Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982) (en banc).
 
 
 6
 First, the prosecutor had a duty to call the decedent's son to the stand as a res gestae witness because he was present at the time of the shooting. See People v. Pearson, 404 Mich. 698, 275 N.W.2d 856 (1979). Moreover, there is no evidence that the prosecutor knowingly introduced inadmissible evidence because the witness' incompetency did not surface until his cross-examination. Once the problem was evident, the court immediately excused the jury, conducted a side-bar conference with counsel, ruled the witness' testimony stricken, and gave the jury a curative instruction. Under these circumstances, any error committed was harmless.
 
 
 7
 Nor do we find any merit to Fleming's remaining claims of prosecutorial misconduct. The prosecutor did not impermissibly comment on his right to remain silent because by testifying Fleming removed his fifth amendment privilege, and thus the prosecutor's remarks constituted a proper commentary upon Fleming's pre-arrest silence. See Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam); Jenkins v. Anderson, 447 U.S. 231, 238 (1980). Also, nothing improper was said during closing arguments as the prosecutor's remarks explained the function of the jury system and were otherwise permissible comments on the evidence.
 
 
 8
 Finally, Fleming has failed to make out a claim for ineffective assistance of counsel as he has not shown that the outcome of the trial would have been different because there was overwhelming evidence of his guilt even absent counsel's alleged errors. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 9
 Accordingly, the motion for oral argument is denied and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Wendell A. Miles, Senior U.S. District Judge for the Western District of Michigan, sitting by designation